White, J.
The original action was brought by Moore, the indorsee of the notes, against Cramer, the maker, to recover the amounts due thereon; and the question is, whether Cramer is estopq>ed from proving that the notes were without •consideration, and were obtained from him by the payees through fraud.
On behalf of Moore, it is alleged that Cramer is thus estopped *349 from making defense to the notes. The ground of the alleged estoppel is, that Cramer, after the delivery of the notes to the payees, brought suit against them to enjoin the negotiation of the notes, and to obtain a decree or judgment for their surrender and cancellation; that the grounds of such relief were the same, in substance, as he now sets up as a defense to the suit on the notes; and that, after the allowance of a provisional injunction, the case was finally heard upon the merits and dismissed.
We do not question the principle insisted upon on behalf of the defendant in error, Moore, that a judgment of a court of competent jurisdiction, upon a question necessarily involved in a suit, is conclusive in a subsequent suit between the same parties, depending on the same question; and in respect to this quality of conclusive effect upon parties and privies, the decrees of courts of equity, upon matters within their jurisdiction, stand upon the same footing with judgments at law.
But in determining the application of this principle to the present case, regard must be had to the nature of the equitable jurisdiction called into exercise in dismissing the petition seeking the surrender and cancellation of the notes in question.
The foundation of equitable jurisdiction is the inadequacy of the common law to afford the necessary relief. Hence, there is a marked distinction between cases where equity interferes with the remedies afforded to parties by the course of the common law, and cases where equity refuses to interfere.
If in the present instance, the court, instead of refusing to interfere and dismissing the petition had found the then plaintiff, Cramer, entitled to the equitable relief sought, and had decreed the surrender and^cancellation of the notes, the legal right of the payees to sue on the notes would have been extinguished ; or if, in violation of the injunction, the payees had put it out of their power to surrender the notes, the court could, doubtless, have followed them into the hands of any party taking them in known violation of the injunction. But such was not the finding and decree of the court. And the findings of fact in the case were only material as laying the *350 foundation for the judgment or decree that was, in fact, rendered.
In speaking of the effect of such a decree, in Neafie v. Neafie, I Johns. Ch. 5, Chancellor Kent says: “A decree dismissing a lili upon the merits, does not establish any new right to be carried into effect; it only declares that the plaintiff has failed to establish the equity which he had set up.” And in Beere v. Fleming, 13 Ir. C. L. R. 506, it is laid down “ that the dismissal of a bill seeking equitable relief in respect to an instrument on which a party can sue at law, is no bar to •an action at jaw upon the same instrument, although the decree does not state the dismissal to have been without prejudice.” See also, Lessee of Wright v. Deklyne, 1 Pet. C. Ct. 199.
It seems to be well settled that, in the case of bills for the specific performance of agreements, although the bill be dismissed without any reservation of the plaintiff’s rights to proceed at law, he may sue at law on the agreement. Beere v. Fleming, supra; McNamara v. Arthur, 2 Ba. & Bea. 349.
And certainly, no greater effect upon the legaPrights of the parties can be given to the refusal to require the surrender of an agreement, than to the refusal to require its specific performance.
The only effect, therefore, in our opinion, of the dismissal of the petition, was to declare that the plaintiff had no equitable right to maintain the action; and that the rights of the parties remained the. same as if no action had been brought, or injunction allowed, save only that the dismissal was a bar to the bringing of another action for the same matter.
Judgment of the district court reversed, and that of the common pleas affirmed. %